THE PEOPLE OF PUERTO RICO, Petitioner, *v.* SUPERIOR COURT OF PUERTO RICO, ARECIBO PART, JUAN LORENZO RODRÍGUEZ, JUDGE, Respondent; ISMAEL GONZÁLEZ CRUZ, Intervener.

No. O-67-244.    Decided December 13, 1967.

*J. B. Fernández Badillo, Solicitor General,* and *Peter Ortiz, Assistant Solicitor General,* for petitioner. *Julio García Antique, E. Armstrong Watlington,* and *Enrique Miranda Merced* for intervener.

MR. JUSTICE BLANCO LUGO delivered the opinion of the Court.

On June 8, 1967, the Prosecuting Attorney of Arecibo filed an information against the intervener, Ismael González Cruz, charging him with a violation of Act No. 87 of June 22, 1962, 29 L.P.R.A. § 526 *et seq.,*[1] a misdemeanor, original jurisdiction having been vested on the Superior Court to take cognizance thereof. Said officer stated that the information was based "on probable cause determined by a magistrate in conformance with the testimony of witnesses examined under oath before said magistrate and before me, solemnly believing that just cause exists to file it in court."

On June 19, the court ordered sua sponte the dismissal of the case on the ground that the prosecuting attorney had not attached the original complaint which gave rise to the issuance of the warrant of arrest, the determination of probable cause, and a copy of the warrant of arrest. It alleged that it was necessary and indispensable in order to establish compliance with the Rules of Criminal Procedure, although they were not specifically mentioned, and that the mere statement of the prosecuting attorney which

---

[1] It regulates the contracting of laborers for work abroad.

we have copied above was insufficient. It also stated that the failure to attach the aforesaid documents deprived the defendant of thorough information on the proceedings had in his case and of examining them, as well as that it required from him greater efforts than those necessary to verify the examination thereof "if they were in the possession of the prosecuting attorney."

On the same date the prosecuting attorney moved for the reconsideration of the order. In the motion filed he alleged that the facts had been submitted for the determination of probable cause to Miguel Meléndez Acosta, Judge of the District Court, San Juan Part; that steps had been taken to find the information on which the determination of probable cause was based, and that the information had been filed when only two days remained for the term of 60 days to expire. The trial judge denied the reconsideration. We decided to review.

■ As the Solicitor General points out Rule 64 of the Rules of Criminal Procedure of 1963 expressly enumerates the grounds on which an information or a complaint can be dismissed. The wording of the legal provision in question leaves no doubt. "The motion to dismiss the information or complaint, or any count thereof, *shall be* based *only* on one or more of the following grounds: . . . ." Among the grounds set forth the failure to attach the original complaint is not found, nor the determination of probable cause by a magistrate nor the warrant of arrest issued by him. It is thus expressly admitted by the intervener in his brief.

■ A slight examination of the information filed will reveal that it complies with the requirements established in Rule 34, that is, that the same is signed and sworn to by the prosecuting attorney.[2] See Rule 35(e). Although it is

---

[2] It is also required that it be filed in public session. *People* v. *Malbert,* 75 P.R.R. 651 (1953); *People* v. *Rodríguez,* 44 P.R.R. 557 (1933).

prescribed that the oath shall be sufficient if it states that the information is based on probable cause determined pursuant to Rule 23, such requirement is not applicable to the case at bar since it deals with a misdemeanor of the original jurisdiction of the Superior Court.

Rule 22 (c) requires the magistrate who determines probable cause to send the complaint and the warrant of arrest or summons to the corresponding section and part of the Court of First Instance "where further proceedings will be had as provided by these Rules": the trial of the case shall be held in the District Court, and "the complaint transmitted by the magistrate shall be the basis for the same," Rule 24 (a) ;[3] in the Superior Court, the secretary shall forthwith remit the record to the prosecuting attorney of said part, who shall file the appropriate information, Rule 24 (b). Now then, if the prosecuting attorney considers (a) that there is a justifiable cause for not presenting the information, he shall file the record with the clerk with an endorsement to that effect, and the clerk, after approval by the court, shall file it and enter the cause in the "Registry of Cases Dismissed"; (b) that the offense charged should be heard in any of the parts of the District Court; he shall send the record to said part within 10 days after he receives it, so that this part may continue the proceeding. There is no provision requiring that the prosecuting attorney shall attach to the information the record of the case to which Rule 22 (c) refers.

Perhaps the rule stated by the respondent judge might be desirable for a greater purity in the proceeding but in the absence of a specific provision requiring it thus we do not

---

[3] In order to implement this provision, Rule 35 (a) which deals with the contents of the complaint, says that "In a complaint, the judge shall order the appropriate amendment in the title thereof, specifying his court in place of the magistrate before whom the complaint was brought." See also Rule 5.

believe that the extreme punishment of the dismissal of the case should be imposed.[4]

The order entered by the Superior Court, Arecibo Part, on June 19, 1967, will be set aside, and the case remanded for further proceedings.

---

[4] The Committee on Rules of Criminal Procedure of the Judicial Conference suggested on January 27, 1964, an amendment to Rule 24(b) so that the remittance of the record would be made directly to the prosecuting attorney.